AO 106 (Rev. 01/09) Application for a Search Warrant

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

JAN 30 2023

LAURA A. AUSTIN, CLERK
BY: /s/ _____
DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:23mj9
Gray, 2005 Cadillac CTS bearing )
Tennessee license plate 049-BFNW )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Western___ District of ___Virginia___ *(identify the person or describe property to be searched and give its location)*: Gray, 2005 Cadillac CTS bearing Tennessee license plate 049-BFNW (to include all containers within and the person of Sterling Van Ellison should he be present inside the vehicle).

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846/841(a)(1) and 841(a)(1)__, and the application is based on these facts: See Attachment B

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brian Snedeker, Special Agent
Printed name and title

Sworn to before me ~~and signed in my presence.~~ telephonically

Date: 1/30/23

_____
Judge's signature

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
Printed name and title

ATTACHMENT A

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, scale calibration weights, cutting materials, small Ziploc-type plastic bags (new/unused), wrapping materials; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones.

2. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

3. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, notebooks, loose pieces of paper, and found in mail.

4. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

5. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

6. Items or articles of personal property tending to show ownership, dominion, or control of the vehicle. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

7. Items listed in Paragraphs 2 through 6 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, CDs/DVDs, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 2 through 6.

ATTACHMENT B

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for methamphetamine distribution/conspiracy related documentary evidence and equipment/supplies within a gray, 2005 Cadillac CTS bearing Tennessee license plate 049-BFNW. This affiant, after obtaining and reviewing information, believes there is evidence of conspiracy to distribute methamphetamine and/or distribution of methamphetamine within the gray, 2005 Cadillac CTS bearing Tennessee license plate 049-BFNW in violation of 21 USC 846/841(a)(1) and 841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (31) years. During my employment I have received comprehensive classroom training from the DEA in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II controlled substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Sterling Van ELLISON (hereafter referred to as "Sterling ELLISON"), my training and experience, and information provided to me by other law enforcement officers. Any reference to the gender of any unnamed person within this affidavit does not necessarily reflect the true gender of said person.

5. During January 2023, a confidential source (hereafter referred to as "CS") performed multiple controlled purchases (monitored, recorded, and surveilled by law enforcement) of (½) ounce quantities of methamphetamine (quantities consistent with distribution/redistribution) from an individual (hereafter referred to as "Trafficker A") within the Western District of Virginia. The CS also described for law enforcement the location of Trafficker A's source of supply's residence, and law enforcement recognized the specific home described as being located at 172 Highland Street, Abingdon, Virginia, the known residence of Sterling ELLISON.

6. On one particular day during January 2023, the CS performed two separate controlled (½) ounce purchases of methamphetamine from Trafficker A within the Western District of Virginia. After the first controlled purchase, Trafficker A advised the CS that Trafficker A was going to have to go to Trafficker A's source of supply in order

to obtain additional methamphetamine to sell the CS. Law enforcement subsequently observed Trafficker A's vehicle (the vehicle utilized by Trafficker A during the course of the controlled purchases) parked in the driveway of 172 Highland Street, Abingdon, Virginia, during the time between the two controlled purchases.

7. On January 18, 2023, the CS ordered (at the direction of law enforcement) one ounce of methamphetamine from Trafficker A. At approximately 6:50pm on this date, this affiant observed Trafficker A's vehicle parked on Highland Street, Abingdon, Virginia, in front of house numbers 162 and 172. At approximately 6:55pm, this affiant observed Trafficker A walk from the driveway of 172 Highland Street, Abingdon, Virginia, enter the driver's position of Trafficker A's car, and drive away. This affiant followed Trafficker A directly to the location that was previously agreed upon by the CS and Trafficker A for the execution of the one ounce methamphetamine transaction. Uniformed law enforcement personnel in marked law enforcement vehicles stopped Trafficker A once he arrived at the pre-arranged location. After having been Mirandized, Trafficker A turned over approximately one ounce of suspected methamphetamine to law enforcement. The suspected methamphetamine had been concealed within Trafficker A's pants. Trafficker A agreed to cooperate with law enforcement and provided the following information:

- Trafficker A's methamphetamine source of supply is an individual that goes by "Sterl". [This affiant believes that "Sterl" is short for "Sterling", Sterling ELLISON's first name.]

- Trafficker A has been obtaining methamphetamine from "Sterl" for a few months. "Sterl" charges $300 for each (½) ounce of methamphetamine and $500 for each whole ounce of methamphetamine.

- "Sterl" is Trafficker A's only methamphetamine source of supply. Trafficker A obtained the (1) ounce of methamphetamine seized by law enforcement from Trafficker A this night from "Sterl" at "Sterl's" residence [Trafficker A's description of "Sterl's" residence is consistent with the home located at 172 Highland Street, Abingdon, Virginia] earlier this same night. Trafficker A's methamphetamine transactions with "Sterl" take place inside "Sterl's" residence. "Sterl" has digital scales inside his residence that he uses to weigh out the methamphetamine he sells.

8. On multiple occasions during January 2023, law enforcement observed Sterling ELLISON operating a gray, 2005 Cadillac CTS sedan bearing Tennessee license plate 049-BFNW. This vehicle is regularly parked at Sterling ELLISON's residence at 172 Highland Street, Abingdon, Virginia. This affiant observed this same vehicle parked at Sterling ELLISON's residence on January 18, 2023, and witnessed Sterling ELLISON driving this vehicle away from and returning to the residence at 172 Highland Street, Abingdon, Virginia on this same date (prior to the methamphetamine transaction described in ¶7, Bullet #3 above).

9. A review of Sterling ELLISON's criminal history revealed his 1998 felony conviction for distribution of cocaine, a 2011 felony conviction for distribution of marijuana, and

a 2015 felony conviction for Purchase, Possession, Manufacture, Distribution, or Sale of Marijuana.

10. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who illegally distribute methamphetamine and/or conspire to do so typically maintain methamphetamine distribution paraphernalia (digital scales, small Ziploc-type plastic bags etc.) and other items (documents etc.) as listed and explained on Attachment A (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on and about their persons and within their vehicles or the vehicles they operate/utilize. As to distribution paraphernalia, notes, records, and the like, this affiant is aware based upon his training, experience, and conversations with other law enforcement officers, that methamphetamine traffickers/co-conspirators often maintain such materials/items on and about their persons and within their vehicles (or the vehicles they operate/utilize) for extended periods of time (days, weeks, and months).

11. Additional federal search warrants specifically for Sterling ELLISON's person and residence are also being sought. It is the intention of law enforcement (for reasons of officer safety and preservation of evidence) to execute the search warrant(s) upon Sterling ELLISON's person and/or the gray, 2005 Cadillac CTS bearing Tennessee license plate 049-BFNW (when Sterling ELLISON is operating or occupying said vehicle) away from Sterling ELLISON's residence immediately prior to executing the search warrant upon the residence itself. As law enforcement is unaware of any predictable travel pattern for Sterling ELLISON, it is unknown as to what hour of the day or night law enforcement will encounter Sterling ELLISON within the Western District of Virginia for the purpose of executing a federal search warrant upon his person and/or the gray, 2005 Cadillac CTS bearing Tennessee license plate 049-BFNW should Sterling ELLISON be encountered operating/occupying said vehicle.

12. Based upon the facts set forth above, I believe that there is probable cause for the issuance of a search warrant for the gray, 2005 Cadillac CTS bearing Tennessee license plate 049-BFNW as there is probable cause to believe that there is evidence of a violation of 21 U.S.C. § 846/841(a)(1) and/or § 841(a)(1) within said vehicle. Furthermore, I submit that Paragraph 11 above presents good/reasonable cause as to why the requested search warrant should be authorized for execution during any time of day or night.

_____
Brian Snedeker, Special Agent (DEA)

Subscribed and sworn to before me telephonically this the 30th day of January, 2023, in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Reviewed by:

<u>s/Suzanne Kerney-Quillen</u>      <u>01-25-2023</u>
Assistant United States Attorney           Date